TEXAS & P. RY. CO. v. DE LONG et al.
(No. 8106.)

(Court of Civil Appeals of Texas. Ft. Worth. March 27, 1915. Rehearing Denied May 1, 1915.)

1. TRIAL ☞296—INSTRUCTIONS—WEIGHT OF EVIDENCE — CURE BY OTHER INSTRUCTIONS.
In an action for delay and injury to a shipment of live stock an instruction for plaintiff, if it was found that the stock was damaged in any of the ways alleged in the petition, and if such injuries proximately resulted from defendant's negligence, was not objectionable as being on the weight of the evidence, or in failing to direct a finding for defendant, in the absence of proof of the affirmative of such issues, where such matters were contained in another instruction given.
[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. ☞ 296.]

2. TRIAL ☞260—REQUESTED INSTRUCTIONS—INSTRUCTIONS ALREADY GIVEN.
It is not error to refuse an instruction, where the substance thereof has already been given in another.
[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. ☞ 260.]

3. CARRIERS ☞ 229 — CARRIAGE OF LIVE STOCK—MEASURE OF DAMAGES.
In an action for injury to a shipment of live stock, the measure of damages is the difference between the market value of the animals upon their arrival at destination and what would have been their value at the destination, had they been transported with ordinary care and dispatch.
[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 930, 963, 964; Dec. Dig. ☞ 229.]

4. TRIAL ☞244 — INSTRUCTIONS — INSTRUCTIONS ON EVIDENCE.
An instruction emphasizing evidence is properly refused.
[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 577–581; Dec. Dig. ☞244.]

5. EVIDENCE ☞543 — OPINION EVIDENCE — QUALIFICATION OF WITNESS.
In an action for delay and injury to a shipment of live stock, a witness engaged in the wholesale buying and selling of horses and mules, who had made shipments to destination, and who testified that the market to which he shipped was practically the same as at other places in that section of the country, was properly qualified to testify that the market value of the shipment was greater at destination than at the point of origin of the shipment.
[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2356½–2358; Dec. Dig. ☞543.]

Appeal from District Court, Tarrant County; R. H. Buck, Judge.

Action by R. S. De Long and another against the Texas & Pacific Railway Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

Thompson & Barwise and A. C. Wood, all of Ft. Worth, for appellant. Arnold & Arnold, of Graham, and R. F. Milam and Stephens & Miller, all of Ft. Worth, for appellees.

DUNKLIN, J. R. S. and J. H. De Long shipped 28 head of horses and mules from Ft. Worth to Troy, Ala., and this suit was instituted by them against the Texas & Pacific Railway Company, the initial carrier, for damages for the alleged negligence of the initial carrier and other railway companies handling the animals en route. The negligence charged was predicated upon allegations of unreasonable delays, failing to furnish opportunities for proper feeding and watering the stock, and in suddenly starting and stopping the cars, thus causing the ani-

mals to be thrown against each other and against the sides of the cars in such manner as to bruise and injure them. The animals moved over three other railroads besides that of the defendant, and some six days was consumed in making the trip. In a trial before a jury, plaintiff recovered judgment for $1,-644.77, from which the defendant has appealed.

[1] The second paragraph of the court's charge to the jury reads:

"If you believe from the evidence that any of plaintiffs' horses and mules in question were damaged while being carried from Ft. Worth, Tex., to Troy, Ala., in any of the ways alleged by plaintiffs in their petition, or if one of said horses was injured and died as plaintiffs allege, and if said damages or injuries, if any, were the proximate result of the negligence of any of the railroad companies over whose road said stock was transported, or of the negligence of the agents or employés of any of said railroad companies, you will find for the plaintiffs and determine the amount of the damages under the instruction hereinbelow given you."

By one assignment this charge is assailed as being upon the weight of the evidence, and by another that it was erroneous in failing to contain an instruction in effect that, in the absence of proof to sustain the affirmative of the issues therein submitted, a verdict should be returned for the defendant. By special instruction No. 3, requested by appellant and given by the court, the jury were expressly told that unless they should believe from a preponderance of the testimony that the defendant or its connecting carriers was or were guilty of negligence in some of the respects charged by the plaintiffs in their petition, then a verdict should be returned in favor of the defendant. This is a sufficient answer to both of the assignments now under discussion, since it submits as a controverted issue for the determination of the jury whether or not the defendant and its connecting carriers were guilty of negligence in some of the respects alleged by the plaintiffs, and is the converse of the instruction contained in paragraph 2 of the main charge.

[2] Requested instructions Nos. 4, 5, and 8, the refusal of which is also assigned as error, were substantially to the same effect as appellant's special charge No. 3, which was given, and there was no error in refusing to give them for that reason.

There was no error in refusing appellant's request for an instruction upon the burden of proof, since in the court's main charge that burden was expressly placed upon the plaintiffs.

[3, 4] Appellant requested another special instruction, which was in effect that if the horses recuperated after their arrival at destination, and after such improvement it developed that their injuries during shipment were not so great as appeared upon their arrival, then in estimating plaintiffs' damages the jury should take into consideration such improved condition of the animals.

The true measure of plaintiffs' damages was the difference between the market value of the animals upon their arrival at destination in the condition they were in at that time and what would have been their value at such destination had they been transported with ordinary care and with reasonable dispatch; and although the jury in determining that issue could take into consideration the evidence referred to in the requested instruction, yet such an instruction would have given special emphasis to the evidence, and therefore would have been improper.

By two other requested instructions appellant sought to have the jury told that railway companies are not required to forward live stock at any particular time or on any particular train, but only to exercise ordinary care and dispatch in the handling of such shipments. There was no error in refusing these instructions, because in the court's charge the jury were told that plaintiffs' right to recover depended upon a showing of negligence in some of the particulars alleged, and that unless such negligence was proven a verdict should be returned in favor of the defendant.

[5] W. O. Rominger, a witness for the plaintiffs, testified that the market for horses and mules generally in Alabama and Georgia was supposed to be higher than in Ft. Worth, although he was not in Troy, Ala., or Montgomery, during the year that the shipment in question was made. Objection was urged to this testimony upon the ground that it was irrelevant and immaterial, and upon the further ground that, as the witness was not in Troy during the year of the shipment, he was not qualified to give the opinion stated. The witness, who resided in Ft. Worth, testified that he was engaged in the wholesale business of buying and selling horses and mules, and kept up with both wholesale and retail prices everywhere; that he had shipped a great many horses and mules to Alabama and Georgia; that every year he made such shipments to Montgomery and other places in that portion of the state, where he sold the shipments; that the market in Montgomery was practically the same as at other places in that section of the country; and while he did not get market statistics, yet from such sales by him, as well as from reports made to him by other dealers in mules and horses, he knew that the market value of horses and mules in Troy at the time in controversy was higher than in Ft. Worth. We are of the opinion that this was a sufficient qualification of the witness to support the action of the court in overruling the objection.

Furthermore, the witness did not give any estimate of value of the animals shipped to Troy, Ala., either in the condition that they arrived or in the condition they should have arrived. In fact, it appears that he knew nothing of this particular shipment, and his testimony that the market value of horses

and mules was higher in Alabama and Georgia than it was in Ft. Worth does not seem to have been controverted by the testimony of any witness. Further still, appellant has pointed out no evidence of the value of the animals in Ft. Worth, in the absence of which the error, if any, in admitting the testimony of Rominger, would be harmless at all events, since the measure of plaintiffs' damages, to wit, the depreciation in the value of the animals, would be the same, whether the market value, of such animals generally was lower or higher in Troy than ·in Ft. Worth.

One of the plaintiffs testified that, in order to get a good run for the shipment, he and defendant's agent at Ft. Worth picked out a route for shipment which the agent thought was a good run and over which he could get a good run, with not more than two stopovers. Objection was urged to this testimony as relating to ·a special contract for transportation of the animals, in the absence of any pleading on the part of the plaintiffs to sustain the same. We fail to see how it could be said that this evidence was harmful to the defendant in any event. The court did not submit any special contract; the only issue submitted as a basis for a recovery being that of negligence. Furthermore, it seems that the shipment left Ft. Worth on the very train contemplated, which was considered a fast train.

By two other assignments appellant insists that the amount allowed by the jury as damages was excessive. After a careful examination of the testimony, we are convinced that the evidence was ample to support the verdict, and hence these assignments must be overruled.

The judgment is affirmed.